**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

CARLOS PETERSON,

                               **Plaintiff,**

vs.                                                    8:13-CV-0568
                                                             (MAD/TWD)

**GARY L. SHARPE,** *U.S. District Judge*; **THOMAS J. MCAVOY,** *Senior U.S. District Judge*; **ANDREW T. BAXTER,** *U.S. Magistrate Judge*; **THOMAS J. MILLER,** *County Court Judge, Syracuse, New York*; **JUDGE CHRISTIAN F. HUMMEL,** *U.S. Magistrate Judge*; **GLENN T. SUDDABY,** *U.S. District Judge*; **DAVID E. PEEBLES,** *U.S. Magistrate Judge*; **NORMAN A. MORDUE,** *U.S. District Judge*; **RANDOLPH F. TREECE,** *U.S. Magistrate Judge*; **JOHN J. BRUNETTI,** *Supreme Court Judge, Syracuse, New York*; **and DENNIS JACOBS,** *Chief Judge of the U.S. Court of Appeals, New York, New York*,

                               **Defendants.**

_____

**APPEARANCES:**                           **OF COUNSEL:**

**CARLOS PETERSON
08-B-3052**
Plaintiff *pro se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On May 16, 2013, the Court received for filing a *pro se* complaint and *in forma pauperis* application. *See* Dkt. Nos. 1 and 2. In his complaint, Plaintiff claims that Defendants violated his rights by dismissing lawsuits that he filed. *See* Dkt. No. 1 at 2.

In an Order and Report-Recommendation dated May 24, 2013, United States Magistrate Judge Dancks "grant[ed] Plaintiff's *in forma pauperis* application and recommended that the action be dismissed without leave to amend." Dkt. No. 4 at 1. Magistrate Judge Dancks found that because all named Defendants are judges and said action relates to the exercise of their judicial function, they are entitled to absolute immunity. *See id.* at 3.

Currently before the Court are Plaintiff's "objections" to Magistrate Judge Danks' Order and Report-Recommendation.

## II. BACKGROUND

Plaintiff's complaint alleges that Defendants engaged in "malicious act[s] of court fraud in the court of law and procedures during the course of many lawsuits individually at different dates and times[.]" Dkt. No. 1 at 2. Specifically, he states that "all the judges that are named basically are responsible for violating my rights tremendously. My cases that I had pending [ ] were dismissed without any legit good cause, the lawsuits and the 440.10 motion never got an opportunity for suppression in light of the evidence or either utilization of discovery, [and] none of the lawsuits were answered by the Defendants . . . ." *Id.* at 2.

In her May 24, 2013 Order and Report-Recommendation, Magistrate Judge Dancks found that "Plaintiff's complaint is barred by the doctrine of judicial immunity" because the complaint references action that relates to the exercise of Defendants' judicial functions. *See* Dkt. No. 4 at 3.

Plaintiff's "objections" allege that judicial immunity does not preclude an action brought pursuant to 42 U.S.C. § 1983 "when a judge cause[es] serious destruction to the basics law of Constitution." Dkt. No. 6 at 1. Plaintiff continues to allege that various court decisions violated his rights. *See id.* at 2-4. Plaintiff claims that Defendants committed fraud and that the judgments were a personal attack on him and his family. *See id.* at 2.

2

## III. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

When judges are acting in their judicial capacity, they are entitled to absolute immunity

3

from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Whether a judge acted in a 'judicial capacity' depends on the 'nature of the act [complained of] itself, *i.e.*, whether it is a function normally performed by a judge, and [on] the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Ceparano v. Southampton Justice Court*, 404 Fed. Appx. 537, 539 (2d Cir. 2011) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Judicial immunity is "from suit, not just from the ultimate assessment of damages." *Mireles*, 502 U.S. at 11. It bars suits even when the allegation is for corrupt or malicious behavior. *See Imbler v. Pachtman*, 424 U.S. 409 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). This immunity is not intended to protect or benefit a malicious or corrupt judge, but rather to protect the public interest in having judges who are "'at liberty to exercise their functions with independence and without fear of consequences.'" *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005) (quoting *Pierson,* 386 U.S. at 554).

In the present matter, the named Defendants are all judges. Plaintiff alleges that they acted maliciously toward him and his family and engaged in fraud while handling various cases he has filed or which were filed against him. All of Plaintiff's allegations relate to actions committed within the scope of Defendants' judicial capacity, as judges presiding over Plaintiff's cases. As such, Magistrate Judge Dancks correctly recommended that the Court should find that Plaintiff's claims are barred by absolute judicial immunity, even though Plaintiff claims that Defendants acted with malice and corruption.

When a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, if "the problem with [the

4

plaintiff's] causes of action is substantive" such that "better pleading will not cure it[,]" then Plaintiff is not required to have an opportunity to amend. *Id.*

Here, providing Plaintiff with an opportunity to amend his complaint would not cure the defect. Substantively, Plaintiff's argument has no merit because the suit is barred by judicial immunity. Thus, better pleading would not cure the defect of said complaint.

### IV. CONCLUSION

After carefully considering Magistrate Judge Dancks' Order and Report-Recommendation, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' May 24, 2013 Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that all claims against Defendants are **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: September 4, 2013
　　　　Albany, New York

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Mae A. D'Agostino*
　　　　　　　　　　　　　　　　　　　　　　　Mae A. D'Agostino
　　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge